[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DETERMINE PRIORITIES #120
First Connecticut Capital Corporation seeks to foreclose on property mortgaged by R.J.A. Industries, Inc. The motion before the court relates to the priority of subsequent encumbrancers upon the subject property. The following facts are not in dispute.
On January 18, 1996, Walter Troj (Troj) recorded a second mortgage on the subject property. This mortgage had only one attesting witness and was therefore defective pursuant to General Statutes § 47-5. On or about May 23, 1996, Bridgeport Lumber Company, Inc. (Lumber) began furnishing materials and supplies for construction being performed on the subject property. On or about April 25, 1996, O G Industries, Inc. (O G) began furnishing materials and supplies for construction being performed on the subject property. O G ceased supplying materials on May 7, 1996 and Lumber ceased supplying materials on June 14, 1996. On July 10, 1996, Lumber and O G commenced an action against R.J.A Industries, Inc. to collect money due for goods and materials sold on credit. On July 11, 1996, Lumber filed a timely mechanic's lien. On July 16, 1996, Troj recorded a corrected second mortgage. On July 24, 1996, O G filed a timely mechanic's lien.
Special Act 1997, No 97-6 provides in pertinent part: "No CT Page 269 deed . . . made for the purpose of conveying . . . any interest in real property in this state and recorded prior to the effective date of this act . . . shall be deemed invalid, because any such deed . . . [w]as attested by one witness only or by no witnesses. . . . No defects, omissions or irregularities enumerated in this act shall be validated if any action, suit or proceeding has been commenced, or notice of pendency thereof has been duly recorded on or before the effective date of this act. . . . This act shall take effect from its passage and shall apply to any defect, omission or irregularity enumerated in this act which occurred on or before January 1, 1997." The effective date of the act is April 18, 1997.
Lumber and O G argue that their timely mechanic's liens take priority over Troj's re-recorded mortgage. Lumber and O G contend that when each commenced supplying materials to the subject premises, Troj's second mortgage was invalid, and that Special Act 97-6, cannot be applied retroactively. Lumber and O 
G argue that between the time Troj filed the initial mortgage which was void and the subsequent valid mortgage, the filing of the mechanic's liens created in Lumber and O G a vested right which prevents a retroactive application of the saving statute. In addition, Lumber argues that its July 10, 1996 action against R.J.A. Industries, Inc. constitutes a commenced action under Special Act 97-6 § 9. Lumber contends, therefore, that pursuant to § 9, Troj cannot use the saving statute to validate the initial Troj second mortgage against Lumber.
Troj argues that the filing of a mechanic's lien does not constitute the requisite commencement of an action, suit or proceeding pursuant to Special Act 97-6 § 9. Troj also argues that a mechanic's lien does not give Lumber or O G a vested right which would defeat the retroactive application of the saving statute.
The parties have stipulated that Lumber commenced an action against R.J.A. Industries, Inc. on July 10, 1996. Thus, Lumber commenced a suit before the effective date of the special act, and therefore, Troj cannot take advantage of the saving statute in regard to Lumber. On the other hand, Troj does not need the saving statute against O G, because Troj's corrected second mortgage was filed before O G filed its mechanic's lien. Therefore, Troj has priority over O G.
As against Lumber, Troj cannot use the saving statute in CT Page 270 light of the fact that Lumber commenced an action as provided in Special Act 97-6 § 9, and accordingly, Lumber's rights have priority over Troj's. Troj's corrected second mortgage was filed i before O G's mechanic's lien, and accordingly, Troj's rights have priority over O G's.
BALLEN, J.